UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES KEITH WAMPLER,**

    **Plaintiff,**

    v.                               **Civil Action 2:21-cv-5852**
                                       **Judge Michael H. Watson**
                                       **Magistrate Judge Chelsey M. Vascura**

**ALICIA HANDWERK,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, a state inmate who is proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983 against seven members of the Ohio Adult Parole Authority Board ("OAPA Board"), alleging that the OAPA Board's actions violated his due process rights and also the separation-of-powers doctrine embodied in the United States Constitution. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I.

According to the Complaint, during Plaintiff's September 20, 2021 hearing before the OAPA Board, board members questioned him about the crime for which he was incarcerated. OAPA Board members appeared "visibly anger[ed]" when Plaintiff proclaimed his innocence. (Compl. ECF No. 1 at PAGEID 19.)  One OAPA Board member commented on the injuries of the victim and told Plaintiff that "[s]omeone really did a number on that boy." (*Id*.)  The OAPA Board member also brought up various facts from the case.  The OAPA Board denied parole, citing the crime for which Plaintiff was convicted and Plaintiff's refusal to accept responsibility. These same records also noted that Plaintiff had maintained a good conduct record at prison. Plaintiff's next hearing before the OAPA Board was continued for five years.

In his Complaint, Plaintiff asks this Court to declare the OAPA Board's actions unconstitutional and to enjoin future such actions.  More specifically, Plaintiff alleges that his due process rights were violated because the OAPA Board considered his underlying crime and asks that this Court enjoin them from doing so at future hearings such that OAPA Board "parole decisions must be based solely on the inmate[']s actions after conviction . . . ." (*Id*. at PAGEID # 21.  Although less clear, Plaintiff's claim premised upon the separation-of-powers doctrine appears to be premised upon his assertion the OAPA Board is unlawfully performing judicial functions because it is appointed by the executive branch. (*See id*. at PAGEID ## 14, 21.)

## II.

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).  Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a

2

civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

**A.  Due Process Claim**

Plaintiff has failed to allege a colorable due process claim. "A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Thus, because Plaintiff seeks to establish a due process violation relating to Defendants' consideration of his parole eligibility, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). If a state's statutes vest complete discretion in the parole board to determine eligibility for parole,

4

no liberty interest exists. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 464-65 (1989). Because Ohio has a completely discretionary parole system, "Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012). Because Ohio law does not create a liberty interest in parole, Plaintiff is unable to state a viable § 1983 due process claim challenging the OAPA Board's eligibility determination. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's due process claim pursuant to § 1915A(b)(1).

**B.     Separation-of-Powers Claim**

Plaintiff's federal separation-of-powers claim is not cognizable because "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980); *see also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that a claim under doctrine of separation of powers presents an issue of state law that was not subject to federal habeas review); *McKitrick v. Smith*, No. 3:08–CV–597, 2009 WL 1067321, at *9 n.4 (N.D. Ohio Apr. 21, 2009) ("The only structural requirement imposed on the states by the Constitution is that each state shall have a republican form of government. Art. IV, § 4. All else, consistent with the federal rights guaranteed a state's citizens, is a matter for the individual states."); *Louis v. Collins*, No. 3:08-cv-930, 2008 WL 2705038, at *6 (N.D. Ohio July 8, 2008) (holding inmate had no viable federal separations-of-powers claim based upon the parole board's actions). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's purported federal separation-of-powers claim pursuant to § 1915A(b)(1).

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915A.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

                                                               /s/ *Chelsey M. Vascura*
                                                               CHELSEY M. VASCURA
                                                               UNITED STATES MAGISTRATE JUDGE