UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles Keith Wampler,

    Plaintiff,

    v.

Alicia Handwerk, *et al.*,

    Defendants.

Case No. 2:21-cv-5852

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Inmate Charles Wampler ("Plaintiff") sues Alicia Handwerk ("Handwerk"), Lance Pressley ("Pressley"), Kathleen Kovach ("Kovach"), Marc Houk ("Houk"), Scott Widmer ("Widmer"), Steve Herron ("Herron"), and Lisa Hoying ("Hoying," collectively, "Defendants") under 42 U.S.C. § 1983. Compl., ECF No. 1. The Magistrate Judge screened Plaintiff's *pro se* Complaint under 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") recommending the Court dismiss the same. R&R, ECF No. 2. Plaintiff timely objected. Obj., ECF No. 3. For the following reasons, the Court **ADOPTS IN PART** the R&R but **RECOMMITS** this matter to the Magistrate Judge for an analysis of Plaintiff's remaining claims.

I.    **FACTS**

Defendants, who are all members of the Ohio Parole Board, denied Plaintiff parole after a video parole hearing on September 20, 2021. Compl.,

ECF No. 1 at PAGEID # 19. Plaintiff alleges that Defendants denied him parole partly because he maintained his innocence for the crime of conviction during the hearing. *Id.* Plaintiff alleges the meeting minutes indeed reflect that Plaintiff was denied parole because of the nature of his crime of conviction and because he refused to accept responsibility for that crime. *Id.* at PAGEID # 20.

Plaintiff brings claims under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and argues that the authority granted to the Ohio Parole Board violates the separation-of-powers requirement in the United States Constitution.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R that Plaintiff specifically objected to. Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The R&R recommended dismissing Plaintiff's separation-of-powers claim because the separation-of-powers doctrine that applies to the federal government is not mandatory for states. R&R 5, ECF No. 2. The R&R recommended dismissing Plaintiff's due process claim because Plaintiff lacks a protected liberty interest in parole. *Id.*

### A. Separation of Powers

On objection, Plaintiff presses his argument that the function of the Ohio Parole Board essentially usurps the role of the judiciary, in violation of the federal

Constitution's separation-of-powers requirement. Obj. 2–3, ECF No. 3. Plaintiff argues that the State of Ohio cannot act in contravention of the United States Constitution; thus, any separation-of-powers violation by Ohio is a federal violation. *Id.* at 3.

As Magistrate Judge Vascura explained, the federal Constitution requires separation of powers within the *federal* government but does not require states to follow that separation of powers within their own governments. *See, e.g., Johnson v. Voinovich*, 49 F. App'x 1, 3 (6th Cir. 2002) ("The district court properly found that the disputed state [parole] laws did not implicate federal separation of powers principles." (citing *Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957))); *Harris v. Wilson*, No. 1:06 CV 2342, 2006 WL 3803410, at *5 (N.D. Ohio Dec. 26, 2006) ("The separation of powers between a state trial judge and state parole board members is a matter of state law." (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000))); *Michael v. Ghee*, 411 F. Supp. 2d 813, 823 (N.D. Ohio 2006) ("The alleged violation of separation of powers doctrine relates to the relationship between the branches of Ohio's government: plaintiff's contention being that the executive, through the APA, is taking over the job of the state judiciary. Any alleged violation concerns only state law. Thus, § 1983 is inapplicable."), *aff'd* 498 F.3d 372, 376 (6th Cir. 2007). Because the federal Constitution's separation-of-powers requirement does not apply to state governments, Ohio's scheme does not violate the federal Constitution's separation-of-powers doctrine. This objection is therefore **OVERRULED**.

**B. Procedural Due Process**

With respect to his Fourteenth Amendment procedural due process claim, Plaintiff argues on objection that he is not asking the Court for a guarantee of parole but rather asks the Court to prohibit the Ohio Parole Board from denying parole without the due process guaranteed by the federal Constitution. Obj. 3–4, ECF No. 3. His claim is that the Ohio Parole Board denied him procedural due process by: (1) considering the elements of Plaintiff's crime of conviction without letting him present evidence of his innocence; (2) considering community opposition to parole without letting Plaintiff face his accusers; and (3) violating the separation of powers between the executive and judiciary. Compl., ECF No.1 at PAGEID ## 15–16.

Those allegations, however, do not state a viable procedural due process claim. "Procedural due process requirements only apply to deprivation of interests in liberty and property." *Ghee*, 411 F. Supp. 2d at 817 (citation omitted). Neither the United States Constitution nor Ohio law create a liberty interest in parole. *Id.* (citations omitted). "If inmates do not have a liberty interest in parole itself, they cannot have a liberty interest in parole consideration or other aspects of parole procedures." *Id.* (citations omitted). Thus, as Magistrate Judge Vascura correctly explained, R&R 4–5, ECF No. 2, the due process requirements of the federal Constitution do not apply to Plaintiff's parole decision-making process because Plaintiff lacks a liberty interest in parole. *See also, e.g.*,

*Jergens v. Ohio Dept. of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012). Plaintiff's objection is therefore **OVERRULED**.

## C. Remaining Claims

Upon review, it appears the R&R did not analyze Plaintiff's Fifth Amendment, Eighth Amendment, or Fourteenth Amendment Equal Protection claims. This aspect of Plaintiff's objection is therefore **SUSTAINED**, and the Court **RECOMMITS** the matter to the Magistrate Judge to perform an initial screen of those claims.

## IV. CONCLUSION

The R&R is **ADOPTED IN PART**. The Court **DISMISSES** Plaintiff's Separation of Powers claim and Procedural Due Process claim. The Court **RECOMMITS** the matter for additional review and issuance of an R&R consistent with this Opinion and Order.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**