UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES KEITH WAMPLER,

      **Plaintiff,**

  v.                                         Civil Action 2:21-cv-5852
                                                Judge Michael H. Watson
                                                Magistrate Judge Chelsey M. Vascura

ALICIA HANDWERK, *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

      Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against seven members of the Ohio Adult Parole Authority Board ("OAPA Board"). The undersigned previously performed an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (R. & R., ECF No. 2.) That initial screen identified, and recommended dismissal of, claims arising under the separation-of-powers doctrine and the Fourteenth Amendment's procedural due process clause. (*Id.*) Over Plaintiff's objection, the District Judge adopted the Report and Recommendation in part and dismissed Plaintiff's separation-of-powers and procedural due process claims. (Op. & Order, ECF No. 11.) However, the District Judge determined that Plaintiff's Complaint also advances claims under the Fifth Amendment, Eighth Amendment, and the Fourteenth Amendment's equal protection clause. (*Id.* at 5.) The District

Judge therefore recommitted the matter to the undersigned to perform an initial screen of those claims. (*Id.*) For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Fifth Amendment, Eighth Amendment, and Fourteenth Amendment equal protection claims pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I.  BACKGROUND

According to the Complaint, during Plaintiff's September 20, 2021 hearing before the OAPA Board, board members questioned him about the crime for which he was incarcerated. OAPA Board members appeared "visibly anger[ed]" when Plaintiff proclaimed his innocence. (Compl., ECF No. 1, at PAGEID #19.) One OAPA Board member commented on the injuries of the victim and told Plaintiff that "[s]omeone really did a number on that boy." (*Id.*) The OAPA Board member also brought up various facts from the case. The OAPA Board Decision and Minutes, attached to Plaintiff's Complaint, reflect that the OAPA Board denied parole, citing the severity of the crime for which Plaintiff was convicted, community opposition, and Plaintiff's refusal to accept responsibility. These same records also noted that Plaintiff had maintained a good conduct record at prison. Plaintiff's next hearing before the OAPA Board was continued for five years.

In his Complaint, Plaintiff asks this Court to declare the OAPA Board's actions unconstitutional and to enjoin future such actions. More specifically, Plaintiff alleges that his Fifth Amendment privilege against self-incrimination was violated because the OAPA Board denied his parole, in part, based on his refusal to accept responsibility for the crime of conviction; that his Eighth Amendment rights to be free of cruel and unusual punishment were violated when he was forced to choose between falsely admitting guilt to receive parole or maintaining his innocence and thereby extending his term of imprisonment; and that his equal

protection rights under the Fourteenth Amendment were violated because the OAPA Board was given discretionary power and his parole decision was left "to the whims of human beings." (Compl., ECF No. 1, at PAGEID #17.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.   ANALYSIS

**A.   Fifth Amendment Self-Incrimination Claim**

Plaintiff's Fifth Amendment claim is based on his theory that the "Ohio Parole Board punished him for not incriminating himself in a crime he had nothing to do with." (Compl., ECF No. 1, at PAGEID #15). In short, Plaintiff alleges that the OAPA Board denied him parole, in

4

part, because he refused to accept responsibility for the crime of conviction in violation of the Fifth Amendment.

Courts have rejected Plaintiff's argument that a parole board's consideration of an inmate's refusal to admit guilt violates an inmate's Constitutional right against self-incrimination.  For example, in the similar context of death penalty clemency interviews, the United States Supreme Court in *Ohio Adult Parole Auth. v. Woodard* held that "we do not think that respondent's testimony at a clemency interview would be 'compelled' within the meaning of the Fifth Amendment." 523 U.S. 272, 286 (1998). Citing *Woodard* as part of its rationale, the Supreme Court later stated that "[s]tates may award good time credits and early parole for inmates who accept responsibility because silence in these circumstances does not ***automatically*** mean the parole board, which considers other factors as well, will deny them parole." *McKune v. Lile,* 536 U.S. 24, 44 (2002) (Kennedy, J. plurality opinion) (emphasis added).

In *McKune*, the Supreme Court addressed whether a Kansas sex-offender-rehabilitation program, which required for its first step that participants admit to committing the crime of conviction as well as other past crimes, violated the Fifth Amendment's prohibition against self-incrimination. Inmates were incentivized to participate in the treatment program, and failure to participate could result in transfer to a less desirable prison and/or loss of privileges, *id.* at 30, but it did not "extend [the] term of incarceration [or] . . . affect . . . eligibility for good-time credits or parole," *id.* at 38. In a plurality opinion, the Supreme Court rejected the inmate's Fifth Amendment challenge, finding the consequences of failing to participate in the program did not amount to compulsion. *Id.* at 36, 50–51. One opinion by the United States Court of Appeals for the Sixth Circuit, applying *McKune,* has held that a prisoner stated a Fifth Amendment claim when he alleged that he would be ineligible for parole unless he participated in a sex offender

program wherein he must admit guilt. *Harper v. [Unknown] Arkesteyn*, No. 19-1928, 2020 WL 4877518, at *4 (6th Cir. Apr. 28, 2020). The *Harper* Court deemed this automatic ineligibility for parole as "precisely the kind [of adverse consequence] that the *McKune* plurality thought would implicate the Fifth Amendment's protections against self-incrimination." *Id.* (citation omitted).

Significantly, *McKune* and *Harper* dealt with, and rejected as constitutionally impermissible, a parole board's use of refusal to admit guilt as an automatic, threshold barrier to parole eligibility. As noted in *McKune*, however, parole boards may permissibly consider acceptance of responsibility for the crime of conviction (or lack thereof) as one factor in the parole decision. 536 U.S. 24, 44; *see also Hawkins v. Morse*, 1999 WL 1023780 at *2 (6th Cir. Nov. 4, 1999) ("[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment.") (citing *Woodard*); *Hernandez v. Tribley*, No. 2:14-CV-21, 2016 WL 1749765, at *2 (W.D. Mich. May 3, 2016) ("It is well-settled that the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure on a prisoner to admit, in order to improve his chances for parole, that he committed the crime(s) for which he is incarcerated.") (citing *Hawkins* and *Woodard*); *Grimmett v. Berrios*, No. CIV.A. 2:08-CV-14678, 2008 WL 5102262, at *3 (E.D. Mich. Dec. 1, 2008) (same); *Vinson v. Mich. Parole Bd.*, No. 05-CV-72425-DT, 2006 WL 305653, at *1 (E.D. Mich. Feb. 9, 2006) (same) (citing *McKune* and *Hawkins*); *Thorpe v. Grillo*, 80 F. App'x 215, 219 (3d Cir. Oct. 31, 2003) (holding that unless an inmate's refusal to admit guilt "extend[s] his term of his incarceration or ***automatically*** deprive[s] him of consideration for parole," it does not violate his

6

Fifth Amendment rights even where it has a negative impact on his parole decision) (emphasis added).

Applied here, Plaintiff has not alleged that refusal to admit guilt operated as an automatic, threshold barrier to parole eligibility. To the contrary, Plaintiff acknowledges that, notwithstanding his refusal to admit guilt, the OAPA Board proceeded to hold a parole hearing, and that at this hearing, in their discretion, the OAPA Board considered Plaintiff's refusal to accept responsibility together with other factors, including the severity of the crime for which Plaintiff was convicted, community opposition to his release, and his good conduct record while incarcerated. Nor has Plaintiff alleged that he remains automatically ineligible for parole until he admits his guilt. Rather, he concedes that the OAPA Board indicated that his next parole hearing would be in five years.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Fifth Amendment claim pursuant to § 1915A(b)(1).

**B.      Eighth Amendment Cruel and Unusual Punishment Claim**

Plaintiff argues it is cruel and unusual punishment to force an innocent person to choose between falsely admitting guilt to receive parole or maintaining their innocence and, thereby, extending their term of imprisonment. (Compl., ECF No. 1, at PAGEID #15.)

Such a claim is precluded in this § 1983 case by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff would have standing to litigate this claim only if he was, in fact, innocent. Such a finding would undermine his criminal conviction. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Eighth Amendment claim pursuant to § 1915A(b)(1).

**C.      Fourteenth Amendment Equal Protection Claim**

Finally, Plaintiff's Complaint purports to raise an Equal Protection claim under the Fourteenth Amendment. At the outset, the Court notes that Plaintiff does not allege the denial of

7

a fundamental right or membership in a suspect class. Nor does he seem to be raising a class-of-one Equal Protection claim. In fact, he does not argue that he was treated differently than anyone else vis-à-vis the denial of parole. Rather, Plaintiff argues that the grant of discretionary authority to the OAPA Board inherently violates the Equal Protection Clause of the Fourteenth Amendment by leaving parole decisions "to the whims of human beings." (Compl., ECF No. 1, at PAGEID #17.) He argues the discretionary system means there is no guarantee that like cases will receive the same parole decision. (*Id.*) Thus, although Plaintiff frames this claim in terms of equal protection, it is more appropriately analyzed as a substantive due process claim because Plaintiff essentially argues that the discretionary system is so rife for constitutional violation that it "shocks the conscience." *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998).

Yet, Plaintiff does not allege that the OAPA Board exercised its discretion in a wholly arbitrary manner when it denied him parole. Rather, he argues the ability to exercise discretion is *itself* arbitrary and capricious. But the Sixth Circuit has never held that arbitrary parole denials violate a prisoner's substantive due process rights. *See, e.g.*, *Sturgis v. Mich. Parole Bd.*, No. 18-1554, 2019 WL 2156429, at *1 (6th Cir. Feb. 1, 2019). The undersigned thus finds Plaintiff has failed to state a claim that Ohio's grant of discretionary authority to the OAPA Board, in and of itself, violates any substantive due process right. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Fourteenth Amendment claim pursuant to § 1915A(b)(1).

### IV. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims pursuant to § 1915A.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE