## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Charles Keith Wampler,**

      **Plaintiff,**

      **v.**

**Alicia Handwerk,** *et al.,*

      **Defendants.**

**Case No. 2:21-cv-5852**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Magistrate Judge Vascura performed an initial screen of this *pro se*, prisoner civil rights case under 28 U.S.C. § 1915A and issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's Complaint in its entirety. R&R, ECF No. 2. Plaintiff timely objected, Obj., ECF No. 3, and the Court performed a de novo review pursuant to Federal Rule of Civil Procedure 72(b)(3). The Court adopted the R&R insofar as it recommended dismissal of Plaintiff's separation-of-powers claim and procedural due process claim. Op. and Order, ECF No. 11. However, the Court determined that Plaintiff's Complaint also raised claims under the Fifth and Eighth Amendments, via the Fourteenth Amendment, and a claim under the Fourteenth Amendment's Equal Protection clause. *Id.* The Court therefore recommitted the matter to the magistrate judge for an initial screen of those claims.

Magistrate Judge Vascura has performed that screen and again recommends dismissal. R&R, ECF No. 12. Plaintiff timely objected, Obj. 13, and

the State responded to the objection as an interested party, Resp., ECF No. 14.

Plaintiff replied. Reply, ECF No. 15. The Court once more determines de novo

the portions of the second R&R that were properly objected to. *See* Fed. R. Civ.

P. 72(b)(3).

Before turning to the merits of each claim, the Court addresses some

statements Plaintiff makes in his objections. This Court agrees that many

inmates have legitimate issues, relief for which require pursuit in court. Plaintiff is

also correct that inmates do not lose all constitutional rights upon conviction. It is

axiomatic that federal courts must ensure that every plaintiff—regardless of their

status—receives careful, impartial consideration. On the other hand, courts are

duty-bound to follow the law. In this case, the law does not support the claims

Plaintiff pursues, and the Court must dismiss the same. Each claim is addressed

in turn.

## A. Fifth Amendment

The Court begins with Plaintiff's Fifth Amendment claim. As an initial

matter, Plaintiff mischaracterizes the R&R as concluding that an inmate loses the

protection against self-incrimination upon conviction. The R&R contains no such

conclusion. Rather, it recommends that the Fifth Amendment is not implicated in

parole hearings unless, at a minimum, the failure to admit guilt *automatically*

makes an inmate ineligible for parole. In other words, the R&R concludes that

the pressure to incriminate one's self is not sufficiently compulsive, for purposes

of the Fifth Amendment, unless eligibility for parole at least *requires* such self-

incrimination; self-incrimination that merely *enhances* an inmate's chances of receiving parole is not sufficiently compulsory to implicate the Fifth Amendment.

Upon de novo review, the Court agrees with the R&R's conclusion on this issue. The Fifth Amendment does not protect against all self-incrimination; it protects against only compelled self-incrimination. *McKune v. Lile*, 536 U.S. 24, 35–36 (2002) (Kennedy, J.) (plurality opinion) (citations omitted). Read together, *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998) and the plurality opinion in *McKune* suggest that, so long as parole is not *automatically* denied if an inmate refuses to admit guilt, self-incrimination during a parole hearing is not sufficiently "compulsory" as to rise to a Fifth Amendment violation. *Cf. Woodard*, 523 U.S. at 288 ("[T]his pressure to speak in the hope of improving his chance of being granted clemency does not make the interview compelled."); *McKune*, 536 U.S. at 44 ("States may award good-time credits and early parole for inmates who accept responsibility because silence in these circumstances does not automatically mean the parole board, which considers other factors as well, will deny them parole." (citation omitted)).

The Sixth Circuit recently held that it would amount to compulsion to render an inmate automatically ineligible for parole upon that inmate's refusal to participate in a sex-offender treatment program that required the admission of guilt. *Harper v. Arkesteyn*, No. 19-1928, 2020 WL 4877518, at *4 (6th Cir. Apr. 28, 2020). The Sixth Circuit has never held, however, that admission of guilt that

merely enhances one's chances of obtaining parole is sufficiently "compulsory" to implicate the Fifth Amendment.

Here, Plaintiff does not allege that he was automatically rendered ineligible for parole due to his refusal to admit guilt at the parole hearing; rather, he alleges only that his refusal to accept responsibility for the crime of conviction was one of the reasons parole was denied. Indeed, Plaintiff's Complaint expressly alleges that parole was also denied, in part, due to the severity of the crime of conviction and community opposition to release. *See, e.g.*, Compl. ¶¶ 1, 4–6, ECF No. 1. Accordingly, *Woodard* and *McKune* suggest that Plaintiff was not "compelled" to incriminate himself, and the Court so holds. This is also consistent with pre-*McKune* Sixth Circuit law. *See Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999) ("[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment."). It is also consistent with the approaches by at least the First, Third, Tenth, and D.C. Circuits. *See Redmond v. Fulwood*, 859 F.3d 11, 15 (D.C. Cir. 2017) ("[N]o First or Fifth Amendment law prohibited [the parole commission chairman's] consideration of [plaintiff's] refusal to acknowledge culpability" when denying [plaintiff's] request for reconsideration of parole denial); *Roman v. DiGuglielmo*, 675 F.3d 204, 214 (3rd Cir. 2012) ("[Plaintiff's] Fifth Amendment claim [on habeas] fails because the consequence he faces—the repeat denial of parole for refusing to participate in the sex

offender treatment program—does not rise to the level of compulsion necessary to violate the Fifth Amendment."); *Carroll v. Simmons*, 89 F. App'x 658, 662 (10th Cir. 2004) (rejecting Fifth Amendment claim even where prisoner's refusal to admit guilt, and subsequent inability to participate in rehabilitation program, resulted in ineligibility for parole); *Ainsworth v. Stanley*, 317 F.3d 1, 4–6 (1st Cir. 2002) (holding, post *McKune*, that reduced likelihood of parole for refusing to participate in program requiring admission of guilt does not constitute compelled self-incrimination).

At bottom, although Plaintiff surely faced a difficult dilemma during his parole hearing, he was not compelled to incriminate himself, and his Fifth Amendment claim fails.

## B. Eighth Amendment

Regarding his Eighth Amendment claim, Plaintiff's Complaint states, "the Ohio Parole Board punished [Plaintiff] for not claiming guilt for a crime of which he is not guilty." Compl. ¶ 3, ECF No. 1.  He further explains his theory: an "innocent person" is cruelly punished when he is forced to choose between either (1) falsely confessing to the crime of conviction in the hopes of receiving parole or (2) remaining steadfast in his assertion of innocence, knowing parole will be denied. Compl. ¶ 3, ECF No. 1.

Magistrate Judge Vascura recommends dismissing this claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  R&R 7, ECF No. 12.

Plaintiff objects that *Heck* does not apply because he does not seek damages and does not ask the Court to nullify his conviction. Obj. 4–5, ECF No. 13.

Upon de novo review, the Court agrees that Plaintiff lacks standing to assert this claim unless he is innocent of the crimes for which he has been convicted. As noted above, Plaintiff's Eighth Amendment claim rests on the premise that it is cruel and unusual to punish *an innocent person* who maintains their innocence by denying that person parole. Unless Plaintiff is himself innocent, he does not have the Article III standing to litigate such a theory. And this Court cannot presume Plaintiff's innocence unless and until his conviction is overturned. Because Plaintiff cannot even advance this theory unless he is innocent, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

To the extent Plaintiff's Eighth Amendment claim can be re-framed to not necessarily rest on his status as an innocent person, it is not barred by *Heck*. That is, *Heck* would not bar an Eighth Amendment claim that it is cruel and unusual to punish an inmate (regardless of guilt) for refusing to accept guilt at a parole hearing by denying parole. Success on such a claim would not guarantee a speedier release; it would merely guarantee that the parole board could not

---

[1] The Court notes for completeness that neither *Graham v. Florida*, 560 U.S. 48, 74–75 (2010) (holding the Eighth Amendment prohibits a sentence of life without parole for juveniles convicted of non-homicide offenses) nor *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding the Eighth Amendment prohibits mandatory life imprisonment without the possibility of parole for juveniles) are relevant to this case. Plaintiff was convicted of aggravated murder and has the possibility of parole.

deny Plaintiff parole as punishment for his refusal to admit his guilt during a parole hearing, even if he is, in fact, guilty. *See Hill v. Snyder*, 878 F.3d 193, 209–10 (6th Cir. 2017) (finding certain claims challenging procedures for parole consideration, that did not depend on the innocence of the plaintiff, were cognizable under § 1983).

However, the Court holds as a matter of law that, even if the Eighth Amendment applies in the context of discretionary parole decisions,[2] it is not cruel and unusual to condition parole on a convict's willingness to accept responsibility for the crime of conviction. "The Eighth Amendment's prohibition of cruel and unusual punishment guarantees individuals the right not to be subjected to excessive sanctions." *Miller*, 567 U.S. at 469 (internal quotation marks and citation omitted). The concept has evolved from prohibiting merely barbaric modes of punishment to prohibiting sentences that are disproportionate to the crime and offender. *Graham*, 560 U.S. at 59.

---

[2] The Sixth Circuit appears to conclude that the denial of parole does not itself implicate the Eighth Amendment, but parole procedures may. *Compare, e.g., Carnes v. Engler*, No. 03-1212, 2003 WL 22177118, at *3 (6th Cir. Sept. 19, 2003) ("[T]he denial of the plaintiffs' parole does not implicate the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. The denial of parole clearly does not fall under this umbrella." (citation omitted)); *and Kordenbrock v. Brown*, 469 F. App'x 434, 435 (6th Cir. 2012) (holding denial of parole did not implicate Eighth Amendment where inmate would end up serving a sentence within the statutory maximum); *with Weshe v. Combs*, 763 F.3d 500, 505–06 (6th Cir. 2014) (remanding for consideration of the plaintiff's claim that a state's parole *procedures* violated the Eighth Amendment, in light of *Graham v. Florida*). Plaintiff's re-framed claim here would arguably implicate the Eighth Amendment.

It is neither barbaric nor disproportionate to require someone convicted of a crime to accept responsibility for that crime as a condition to returning into society. Plaintiff cites no case that has ever held to the contrary, and the Court's independent research reveals none. In fact, the most analogous caselaw supports the Court's conclusion. *E.g.*, *Robins v. Wetzel*, No. 22-1006, 2022 WL 4533850, at *2 (3rd Cir. Sept. 28, 2022) ("[R]equiring an admission of guilt, even falsely, did not deprive [the plaintiff] of the minimal civilized measure of life's necessities." (internal quotation marks and citation omitted)); *Kikuchi v. Bauman*, No. 20-1593, 2020 WL 7587156, at *2 (6th Cir. Oct. 22, 2020) ("[A]ny directive by the parole board that Kikuchi participate in the Sex Offender Treatment Program as a prerequisite to consideration of parole did not result in an equal protection violation, a due process violation, a Fifth Amendment violation, or an Eighth Amendment violation of Kikuchi's constitutional rights." (citation omitted)), *cert. denied*, 141 S. Ct. 2679 (2021); *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. Nov. 9, 2017) (holding that where a state's parole system does not create a liberty interest in parole, it is not cruel and unusual to impose a finding of misconduct, even if it may prevent parole).

Accordingly, Plaintiff's Eighth Amendment claim, as framed, fails for lack of standing. Any alternative framing of the claim fails as a matter of law.

## C. Fourteenth Amendment: Equal Protection

The Magistrate Judge acknowledged that Plaintiff purported to raise a Fourteenth Amendment Equal Protection claim but found his theory was more

Case No. 2:21-cv-5852                                                    Page 8 of 10

appropriately addressed as a substantive due process claim. R&R 7–8, ECF No.

12. She recommended dismissing the substantive due process claim. *Id.*

Plaintiff objects that "[t]his is clearly an equal protection issue and should

be addressed as such." Obj. 5–6, ECF No. 13. The remainder of his objection

argues that the discretionary power of the Parole Board inherently violates the

Equal Protection Clause. *Id.*

Upon de novo review, the Court agrees with the Magistrate Judge.

Despite the label Plaintiff puts on his claim, he has not alleged that he was

denied a fundamental right, is a member of a suspect class, or that anyone

otherwise similarly situated was granted parole because they admitted guilt (let

alone that there is no rational basis for treating differently, for parole purposes,

those inmates who accept responsibility for their crime of conviction and those

who do not). He has thus not stated a viable claim under the Equal Protection

Clause. *Cf. Robins*, 2022 WL 4533850 at *2 (rejecting similar Equal Protection

claim); *Mann v. Mohr*, 802 F. App'x 871, 875 (6th Cir. 2020) (upholding dismissal

of inmate's Equal Protection claim vis-à-vis parole under rational basis test);

*Marshall v. Mausser*, No. 1:13-cv-847, 2015 WL 105032, at *6 (S.D. Ohio Jan. 7,

2015), *R&R adopted by* 2015 WL 457302. Accordingly, to the extent Plaintiff

brings his claim under the Equal Protection Clause, it fails.

Moreover, as the Magistrate Judge noted, where, as here, the theory is

that discretionary power inherently leads to arbitrary and capricious decision-

making, the claim is more appropriately analyzed as a claim for violation of

substantive due process.  And the R&R correctly notes that "although other circuits have found that arbitrary parole denials may . . . violate a plaintiff's substantive due process rights" notwithstanding the lack of a protected interest in parole, the Sixth Circuit has not adopted that reasoning.  *Sturgis v. Mich. Parole Bd.*, No. 18-1554, 2019 WL 2156429, at *1 (6th Cir. Feb. 1, 2019) (citations omitted).  Nor is the Court aware of any caselaw holding that a discretionary parole system, itself, shocks the conscience.  Therefore, to the extent Plaintiff challenges the parole board's discretionary power under the Substantive Due Process Clause, this claim also fails.[3]

## D. Conclusion

For the above reasons, the Court **DISMISSES** Plaintiff's Complaint.

The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] The Sixth Circuit has left open the possibility that arbitrary denials of parole based on impermissible criteria amount to a substantive due process violation, "even where a prisoner may not have a protected liberty interest[.]" *C.f., e.g., Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002).  Thus, if it was unconstitutional to consider protestations of innocence when considering parole (i.e., if Plaintiff succeeded on his Fifth Amendment claim), then Plaintiff might have stated a viable substantive due process claim that the denial of his parole due, in part, to the exercise of his Fifth Amendment rights shocked the conscience.